IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAWN RANDALL, #Y37024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-02146-SMY |
| | ) | |
| JOSHUA SCHOENBECK, | ) | |
| ANTHONY JONES, | ) | |
| ANGIE WALTERS, | ) | |
| C/O MIFFLIN, | ) | |
| JANE/ JOHN DOE, | ) | |
| NATHAN MCCARTHY, and | ) | |
| ANTHONY WILLS, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shawn Randall, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Following receipt of a disciplinary ticket on October 9, 2021, Plaintiff was locked in his cell and not allowed to come out for yard or anything else ("deadlock"). On October 18, 2021, yard was offered to inmates not on deadlock. A fight broke out among some inmates during yard time. Later that day, Plaintiff was placed under investigation related to the incident. He received a disciplinary ticket from Lt.

McCarthy on October 27, 2021 for dangerous disturbance, assault, and disobeying a direct order essential to safety and security for the October 18, 2021 incident.

Plaintiff went before Adjustment Committee Members Lt. Schoenbeck and Sgt. Jones on November 3, 2022 regarding the October 18, 2021 incident.  He explained that he was on deadlock at the time and was not on the yard.  However, the Adjustment Committee found him guilty and sanctioned him to ninety days in segregation and ninety days C grade.  They did not check to see if he was on deadlock or otherwise investigate the charges.  Plaintiff had an affidavit from an inmate who was involved in the incident, which stated Plaintiff was not present and was not involved.  The Adjustment Committee ignored his exonerating evidence.  Plaintiff wrote to Warden Wills about the disciplinary proceedings and the exonerating evidence, but the warden turned a blind eye to the committee's actions and approved the sanctions given by the committee.

Dinner trays with noodles and meatballs were delivered to segregation cells on November 2, 2021.  Plaintiff's cell was dark and he did not turn on a light.  He bit into something hard and chewy, swallowed part and spit out part, and then turned a light on.  He was shocked to see he had been eating a mouse head and vomited.  He started screaming for a white shirt and medical attention.  Nurse Walters and C/O Mifflin walked by and ignored him.  He continued to yell for medical attention.  Approximately thirty minutes later he was able to get C/O Mifflin's attention and showed him the mouse.  C/O Mifflin discovered mouse pieces on other inmates' food trays.  After another thirty minutes, Sgt. Hepp came to Plaintiff's cell and told him that he would get him medical attention.

Plaintiff and other inmates with mouse pieces on their food trays were taken to see a nurse. Nurse Walters joked that they ate Stewart Little and told them there was nothing that she could do to help them.  After he was placed back in his cell, Nurse Walters refused to do anything for the

symptoms he was having and continued to joke about it. Later that night, Plaintiff suffered from vomiting, stomach pains, chills, headaches, and diarrhea. He subsequently put in numerous sick call slips for medical and mental health treatment but was ignored. The inmates in the kitchen were obviously not properly supervised or this would have not happened.

While Plaintiff was in segregation, he was not provided hygiene items, sheets, or other basic human needs. He was kept from accessing the Court by denial of his legal mail.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

| | |
|---|---|
| Count 1: | Fourteenth Amendment claim against McCarthy for issuing Plaintiff a false disciplinary ticket for the October 18, 2021 incident and Schoenbeck, Jones, and Wills for due process violations in the disciplinary proceedings for that disciplinary ticket. |
| Count 2: | Eighth Amendment claim against Walters and Mifflin for exhibiting deliberate indifference to Plaintiff's serious medical and mental health needs. |
| Count 3: | Eighth Amendment claim against Jane/John Doe Kitchen Supervisor and Warden Wills for the service of contaminated food to Plaintiff on November 2, 2021. |
| Count 4: | Eighth Amendment claim for unconstitutional conditions of confinement in segregation. |
| Count 5: | First Amendment claim for interference with legal mail. |

## Discussion

### Count 1

The allegations in the Complaint are sufficient for the claim in Count 1 to proceed against McCarthy, Schoenbeck, Jones, and Wills.

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

The allegations in the Complaint are sufficient for the claim in Count 2 to proceed against Walters, but not against Mifflin. After Plaintiff notified Mifflin of the mouse on his tray, it appears Mifflin was investigating reports of other contaminated food trays. Within an hour, Plaintiff was told he would get medical treatment and he and other inmates were then taken to a nurse. These facts do not suggest deliberate indifference by Mifflin. As such, the claim in Count 2 against Mifflin will be dismissed without prejudice.

**Count 3**

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). This includes the obligation to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) To satisfy the objective component, plaintiff must demonstrate that the defendants' food handling and preparation denied him "the minimal civilized measure of life's necessities" consistent with contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To satisfy the subjective component of this claim, Plaintiff must also demonstrate that the defendants acted with a sufficiently culpable state of mind, which, in this case is deliberate indifference. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is shown when an official is aware of and disregards an excessive risk posed to an inmate's health. *Id.*

For purposes of this screening order, the Court will assume that the objective component of this claim is satisfied. The subjective component of the claim is not. Plaintiff describes a single incident, not a systemic problem in the handling and preparation of food. The allegations do not suggest that Warden Wills or Jane/John Doe Kitchen Supervisor were aware of the contamination or exhibited deliberate indifference to Plaintiff. Therefore, he fails to state a claim and Count 3 will be dismissed without prejudice.

### Counts 4 and 5

To state a claim under §1983, an inmate must allege that a defendant was personally involved in the deprivation of a constitutional right or that an official with the ability to rectify the situation knew about the unconstitutional conduct and facilitated, approved, condoned, or turned a blind eye to it. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff has not alleged that any individual was responsible for the denial of hygiene items, sheets, or other basic human needs or interfered with his legal mail while he was in segregation. Nor has he alleged that he notified any individual of these conditions and that individual had the ability to rectify the situation and failed to do so. Accordingly, he fails to state a claim in Counts 4 and 5; they will be dismissed without prejudice.

### Disposition

Following preliminary review of the Complaint under § 1915A the following claims will proceed: Count 1 against Nathan McCarthy, Joshua Schoenbeck, Anthony Jones, and Anthony Wills; and Count 2 against Angie Walters. Count 2 against C/O Mifflin, Jane/John Doe, and Counts 3, 4, and 5 are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to

terminate Mifflin and Jane/John Doe as defendants.

The Clerk of Court shall prepare for Joshua Schoenbeck, Anthony Jones, Angie Walters, Nathan McCarthy, and Anthony Wills: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  October 18, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
U.S. District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**